1  **KESSLER TOPAZ**
2  **MELTZER & CHECK, LLP**
   JENNIFER L. JOOST (Bar No. 296164)
3      jjoost@ktmc.com
   One Sansome Street, Suite 1850
4  San Francisco, CA 94104
   Tel: (415) 400-3000
5  Fax: (415) 400-3001

6  -and-

7  **KESSLER TOPAZ**
   **MELTZER & CHECK, LLP**
8  PETER A. MUHIC
      pmuhic@ktmc.com
9  TYLER S. GRADEN
      tgraden@ktmc.com
10 NATALIE LESSER
      nlesser@ktmc.com
11 280 King of Prussia Road
   Radnor, PA 19087
12 Telephone: (610) 667-7706
   Facsimile: (610) 667-7056

13 *Counsel for Timothy Barabe*

FILED
JUN 19 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JCS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. CV 18 80102 MISC.<br>(C.D. Cal. Case No. 2:17-cv-00035)<br><br>**NON-PARTY TIMOTHY BARABE'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**<br><br>Date: July ___, 2018<br>Time: 9:00 a.m. |

Non-Party Timothy Barabe's Notice of Motion and Motion to Quash Subpoena

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that on July __, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom __ of the Honorable _____, Non-party Timothy Barabe will and hereby does move this Court for an order transferring the Subpoena to Testify at a Deposition directed to Mr. Barabe propounded by Defendant Toyota Motor Sales, U.S.A. ("Toyota") in connection with the lawsuit, *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, to the Central District of California, where the lawsuit is currently pending. In the alternative, Mr. Barabe respectfully requests this Court quash the Subpoena because Toyota seeks discovery that is not relevant to the parties' claims and defenses, is cumulative of discovery already taken in this actions, and can be obtained through less burdensome means.

Mr. Barabe's motion is based on this notice, the incorporated memorandum of points and authorities, the accompanying Declaration of Jennifer Joost in Support of Non-Party Timothy Barabe's Notice of Motion and Motion to Quash Subpoena ("Joost Decl.") and exhibits thereto, and any additional arguments and evidence that the Court may consider at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Non-party Timothy Barabe respectfully requests that the Court transfer the Subpoena to Testify at a Deposition directed to Mr. Barabe propounded by Toyota Motor Sales, U.S.A. ("Toyota") in connection with the lawsuit, *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, to the Central District of California, where the lawsuit is currently pending. In the alternative, Mr. Barabe respectfully requests this Court to quash the Subpoena because it is an undue burden on Mr. Barabe because Toyota seeks discovery that is not relevant to the parties' claims and defenses, is cumulative of discovery already taken in this action, and can be obtained through less burdensome means

### II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2017, the plaintiffs in *Stockinger v. Toyota Motor Sales, U.S.A.* ("Plaintiffs") filed a putative class action concerning defectively designed Heating, Ventilation and Air Conditioning systems ("HVAC Systems") installed in multiple Toyota and Lexus model vehicles ("Class Vehicles"). Plaintiffs allege that the defect is common to all Class Vehicles. On July 7, 2017, the Court denied, in part, Toyota's motion to dismiss, upholding the majority of Plaintiffs' claims. *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, ECF No. 50 (July 7, 2017 C.D. Cal.).

Toyota has already deposed the six named plaintiffs and conducted inspections of their vehicles. On May 25, 2018, Toyota served Mr. Barabe with a subpoena to testify. Mr. Barabe is the husband of plaintiff Gailyn Kennedy. Mr. Barabe served Toyota with objections to the subpoena on June 8, 2018. Mr. Barabe's counsel subsequently conferred with Toyota's counsel in an attempt to reach a mutually agreeable method for obtaining the information sought by Toyota, such as through depositions by written questions or limiting the time for the depositions. However, Toyota declined to take Mr. Barabe's deposition by written questions and would not agree to time limitations. Because Toyota's subpoena is unnecessary, duplicative, cumulative and harassing, Mr. Barabe now moves to quash.

## II. ARGUMENT

### A. Legal Standard

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 16-mc-80066, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted).

The scope of a subpoena is subject to the limitations of both Rules 26 and 45. Rule 45 protects a subpoenaed party from "undue burden" and Rule 26 provides that the court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C). *See also Petka v. Mylan Pharm., Inc.*, No. 16-mc-80196, 2016 WL 6947589, at *3 (N.D. Cal. Nov. 28, 2016) (A court must "limit the discovery sought if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit.") (quotation omitted). Further, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

When the court where compliance is required did not issue the subpoena, it may transfer the motion to quash to the issuing court if the party subject to the subpoena consents. FED. R. CIV. P. 45(f).

### B. Transfer Of This Motion To The Central District Of California Is Warranted

Pursuant to FED. R. CIV. P. 45(f), Mr. Barabe asks that this Motion be transferred to the Central District of California. The Court where compliance is required may transfer a motion (1) "if the person subject to the subpoena consents" or (2) if there are "exceptional circumstances." *Id.*

Here, the subject of the subpoena, Mr. Barabe is requesting the transfer of the motion. Accordingly, this Court should transfer this motion to the Central District of California, where the underlying action is pending. *See* FED. R. CIV. P. 45(f) advisory comm.'s note to 2013 amendment (explaining that the Rule's "prime concern" is "avoiding burdens on local nonparties subject to the

Non-Party Timothy Barabe's Notice of Motion and Motion to Quash Subpoena

subpoenas."). *See Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-mc-80006, 2017 WL 431751, at *2 (N.D. Cal. Feb. 1, 2017) (granting transfer where the non-party "is the 'person subject to the subpoena' and not only does it consent to the transfer, it actually requests it."). *See also San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (granting transfer where the non-party "not only consented but has affirmatively requested transfer. Thus, the Court need not consider whether the case presents 'exceptional circumstances.' It is enough to note that the requested transfer does not appear to be frivolous or made in bad faith.").

In fact, two other non-parties subpoenaed by Toyota are contesting their subpoenas and requesting that the motions all be transferred to the Central District of California. Transfer here is further warranted because the Motion presents issues regarding the scope of relevant discovery in the entire case that are likely to arise throughout the litigation and may impact matters already ruled on, or to be ruled on, by the court where the matter is pending. Indeed, related issues have previously been considered by the court in the *Stockinger* action and will likely inform decisions regarding the Subpoena.

For these reasons, transfer is appropriate.

### C.     The Subpoena Should Be Quashed Because It Is Unduly Burdensome

In the event the Court does not transfer this Motion to the Central District of California, Mr. Barabe asks the Court to quash the subpoena because it is unduly burdensome and the information sought by Toyota is available through less burdensome means. Mr. Barabe is a non-party. The fact that Mr. Barabe is the spouse of a named plaintiff does not transform him into a percipient fact witness with relevant information. Toyota's serving of the Subpoena upon Mr. Barabe is harassing, as well as unreasonably cumulative and duplicative of the testimony already obtained from Ms. Kennedy.

"The compulsion of [ ] irrelevant information is an inherently undue burden." *See Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (citing *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)) (granting a motion to quash where "Defendant's argument that [subpoenaed party] has inculpatory evidence is unsupported and speculative."). The Court must consider whether Mr. Barabe, as a third party, possesses "material

and unique relevant information such that [Toyota's need] for [Mr. Barabe's] testimony outweighs the burden on [Mr. Barabe] as a non-party in complying with the subpoena." *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 411 (C.D. Cal. 2014) (granting a motion to quash and finding the low value of third party testimony outweighed the burden of a deposition). Requiring a non-party to sit for a deposition is, in and of itself, burdensome. *See Amini Innovation Corp.*, 300 F.R.D. at 412 ("Preparing and sitting for a deposition is always a burden, even when documents are not required, particularly for a non-party.").

Mr. Barabe has no relevant knowledge. As alleged in the First Amended Complaint ("FAC"), Plaintiffs allege that all Class Vehicles contain a defective HVAC system which fails to adequately remove water from the evaporator, and surrounding enclosures, which in turn aggravates the tendency of the HVAC Systems to generate mold and foul and noxious odors. *Stockinger*, ECF No. 34, at ¶¶ 39-41. Whether or not Class Vehicles contain such a design defect is in no way dependent on Mr. Barabe's testimony; rather, the design defect will be shown or disproven through experts and discovery obtained from Toyota and its affiliates.

Indeed, internal Toyota documents demonstrate that Toyota was fully aware that the HVAC Systems in certain Toyota vehicles were defectively designed. For example, in September 2015, Toyota's Corporate Manager for Pricing & Cross Carline Planning, Shayne Carter, expressed frustration that Toyota was not repairing the defective HVAC Systems, but instead charging customers, asking: "If we acknowledge that the AC smells and there is a way to make it go away how is that not an Engineering issue. Is that considered a 'nice to have' item, enhancement to the system. I see it as a basic requirement of the system." Ex. A (Email from Carter to Leighton, Sept. 9, 2015).[1] However, rather than fixing the problem, in part as an attempt to avoid Lemon Law liability, Toyota and its exclusive network of distributors told customers that "the condition was normal." Ex. B (Email from Hitt to Bergen, Sept. 19, 2012). Thus, Mr. Barabe's personal experience with the vehicle is irrelevant. Plaintiffs allege that Toyota knew that the HVAC Systems in Class Vehicles were defectively designed, the facts of which are beyond what Mr. Barabe's personal knowledge.

---

[1] All exhibits referenced herein are exhibits to the Declaration of Tyler S. Graden, attached as Exhibit 1 to the Declaration of Jennifer L. Joost file herewith.

Non-Party Timothy Barabe's Notice of Motion and Motion to Quash Subpoena

4

Toyota claims that Mr. Barabe's knowledge is relevant because his wife, Plaintiff Gailyn Kennedy, testified that Mr. Barabe was the primary driver of her vehicle, was involved in maintenance of the vehicle, and handled the transfer of title of the vehicle to a new owner. However, while it is true that Mr. Barabe was the primary driver, Ms. Kennedy was a frequent passenger in the vehicle and competently testified as to her personal experience during a nearly seven hour long deposition. Toyota cannot show the need for the proposed discovery or that it "would differ in any substantial way from that which could be obtained from the named plaintiff or by other means." *See Taylor v. Shippers Trans. Express, Inc.*, No. 13-cv-2092, 2014 WL 12561080, at *3 (C.D. Cal. Apr. 30, 2014) (denying a motion to compel deposition of a putative class members where defendant could not demonstrate a need for the testimony). There is simply no reason why Mr. Barabe's testimony would be relevant to whether the class vehicles contain a design defect.

Toyota has also failed to demonstrate that no other means exist to obtain the information sought. *Dibel v. Jenny Craig, Inc.*, No. 06-cv-2533, 2007 WL 2220987, at *2 (S.D. Cal. Aug. 1, 2007). *See also Pers. Audio LLC v. Togi Entm't, Inc.*, No. 14-mc-80025, 2014 WL 1318921, at *3 (N.D. Cal. Mar. 31, 2014) ("There is no reason to burden non-party [ ] when the information sought should be in the possession of the party"). Mr. Barabe has offered to respond to deposition by written questions, and Toyota has refused. To the extent Toyota can demonstrate that Mr. Barabe's testimony is necessary or goes beyond the testimony already provided by Ms. Kennedy, such information can be obtained through other means, including written discovery requests or even deposition by written questions. An oral deposition is an unnecessary and unduly burdensome method for obtaining this information.

In sum, the Subpoena is unduly burdensome because it blatantly seeks from Mr. Barabe information that is irrelevant and can be obtained from other sources

Non-Party Timothy Barabe's Notice of Motion and Motion to Quash Subpoena
5

### III. CONCLUSION

For the foregoing reasons, Mr. Barabe respectfully requests that the Court grant his request to transfer this Motion to the Central District of California. In the alternative, Mr. Barabe respectfully requests that this Court enter an order quashing the Subpoena.

DATED: June 19, 2018

Respectfully submitted,

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**

JENNIFER L. JOOST
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

- and –

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**
Peter A. Muhic
 pmuhic@ktmc.com
Tyler S. Graden
 tgraden@ktmc.com
Natalie Lesser
 nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel.:   (610) 667-7706

KIESEL LAW LLP
Paul R. Kiesel, State Bar No. 119854
 kiesel@kiesel.law
Helen E. Zukin, State Bar No. 117933
 zukin@kiesel.law
Jeffrey A. Koncius, State Bar No. 189803
 koncius@kiesel.law
Nicole Ramirez, State Bar No. 279017
 ramirez@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel:   310-854-4444

*Attorneys for Timothy Barabe*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I served a true and correct copy of **NON-PARTY TIMOTHY BARABE'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** upon the following counsel by email:

**MORGAN, LEWIS & BOCKIUS LLP**
David L. Schrader
david.schrader@morganlewis.com
Esther K. Ro
esther.ro@morganlewis.com
Jahmy S. Graham
jahmy.graham@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132

*Attorneys for Defendant Toyota Motor Sales, U.S.A., Inc.*

_____
JENNIFER L. JOOST